IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

Attorneys for Plaintiff
VALENTINA RYSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINA RYSS,<br><br>        Plaintiff,<br><br>vs.<br><br>LOBAN MAPLE LEAF PROPERTIES, LP; LOBAN MAPLE LEAF MANAGEMENT, LLC,<br><br>        Defendants. | **Case No.** 23-cv-5072<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

VALENTINA RYSS ("Plaintiff") complains of defendants LOBAN MAPLE LEAF PROPERTIES, LP; LOBAN MAPLE LEAF MANAGEMENT, LLC ("Defendants") as follows:

## INTRODUCTION

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Maple Leaf Plaza" located at or about 1080 Saratoga Ave San Jose, CA 95129 ("Maple Leaf Plaza" or the "Plaza"). During her visits to the Plaza, Plaintiff repeatedly encountered accessibility barriers because the Plaza's parking lot is inaccessible to wheelchair users that wish to shop at the "Slavic Shop," a grocery store located at the Plaza.

2. Defendants have continuously denied Plaintiff "full and equal" access to Maple Leaf Plaza, in violation of Title III of the Americans with Disabilities Act of 1990 and related California laws, causing her difficulties, discomfort, and/or embarrassment. Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for full and equal access and statutory damages under California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

5. **Intradistrict Assignment:** This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of

action arose in this intradistrict.

## PARTIES

6. Plaintiff is and at all relevant times was a person with physical disabilities. She suffers from multiple sclerosis which substantially limits her ability to walk. As a result, Plaintiff relies on a wheelchair for mobility. Plaintiff has a disability parking placard issued by the State of California and she has a right to park in disabled accessible parking spaces, including van accessible parking spaces, and to travel on and along public paths of travel between such parking facilities and areas to which the public is invited. Plaintiff has been a resident of Campbell, California for more than 20 years.

7. Defendants are and at all relevant times were the owners, operators, lessors and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

8. Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of here.

## FACTUAL ALLEGATIONS

9. Defendants have discriminated against Plaintiff because the Plaza's facilities and policies do not comply with the requirements of the ADA, the Unruh Act, the California Health and Safety Code, and the Disabled Persons Act. Defendants have failed and refused to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at the Plaza. Defendants have continued to violate the ADA and related California laws despite having been previously sued for accessibility violations.

10. Maple Leaf Plaza and its facilities, including, but not limited to, its entrances/exits, parking, exterior and interior paths of travel are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and of California Civil Code §§ 51 *et seq.*

11. On information and belief, Maple Leaf Plaza and its facilities have, since January 26,

1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of Maple Leaf Plaza's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

12. Plaintiff is a frequent shopper at the Slavic Shop, a Russian grocery store located at the Plaza. This is the closest Russian grocery store to Plaintiff's home, and she shops there around thirty times a year and usually on Fridays and sometimes on Tuesdays. Plaintiff is driven to the Slavic Shop by her caregiver in a wheelchair accessible van. For the reasons alleged below, Plaintiff was denied full and equal access to the Plaza, and she suffered difficulties, discomfort, and/or embarrassment during each of her visits to the Plaza.

13. The Plaza does not have any designated accessible parking, or a curb ramp in front of the Slavic Shop. Plaintiff, therefore, and unlike able-bodied customers, cannot safely park and exit in front of the Slavic Shop. Instead, she must have her caregiver park the van on the Western edge of the Plaza which has a set of two designated accessible parking spaces and a curb cut. After parking there, Plaintiff needs to have her caregiver push her in her wheelchair a considerable distance to reach the Slavic Shop. It is too difficult for Plaintiff to navigate such a distance on her own. And having to ask her caregiver to push her in her wheelchair this distance during each visit is awkward and embarrassing for Plaintiff. As a result, Plaintiff has been deterred from shopping at the Slavic Shop more often. Plaintiff estimates that she encountered the above accessibility barriers around thirty times between September 2022 and September 2023, including as recently as on September 29, 2023.

14. Plaintiff plans to continue to visit the Plaza to shop at the Slavic Shop regularly and she will continue to be denied full and equal access to the Plaza as long as it remains inaccessible to her.

15. Before suing, Plaintiff's accessibility expert did an informal investigation of Maple Leaf

Plaza. He confirmed the barriers encountered by Plaintiff and also determined that Maple Leaf Plaza was inaccessible in multiple other ways, including, but not limited to: (1) No path of travel from the public right of way; and (2) Tow away sign does not have proper information.

16. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

17. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to her continued or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

18. Defendants knew, or should have known, that these elements and policies rendered Maple Leaf Plaza inaccessible, violate state and federal law, and interfere with or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers and make Maple Leaf Plaza accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to Maple Leaf Plaza.

19. As a result of Defendants' actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of her civil rights emotional discomfort, and denial of rights to full and equal access to public accommodations, all to his general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused her difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, under federal and state law.

20. Plaintiff's goal in this suit is a positive one: to make the Plaza fully accessible to wheelchair users.

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

21. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

22. Plaintiff is and was at all times relevant here a qualified individual with a disability as defined by the ADA, as she has impairments that substantially limit one or more major life activities.

23. Plaintiff has reasonable grounds for believing she will be subjected to discrimination each time she may attempt to access and use the subject facilities.

24. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

25. The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it.

26. Plaintiff alleges on information and belief that Maple Leaf Plaza was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing or constructing (or both) the Maple Leaf Plaza in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

27. The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

28. As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

29. Plaintiff alleges on information and belief that Maple Leaf Plaza was modified after January 26, 1993. Any alterations, structural repairs, or additions since January 26, 1993, have

independently triggered requirements for the removal of barriers to access for disabled persons per § 12183 of the ADA.

30. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of Maple Leaf Plaza to individuals with disabilities; (c) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Maple Leaf Plaza available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to Maple Leaf Plaza and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against her on the basis of his disability, thus wrongfully denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to easily and safely park and enter the Slavic Shop at the Plaza is a fundamental necessity. Without this ability, Plaintiff is unable to available herself of the goods and services offered at Maple Leaf Plaza on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

31. Under the ADA, 42 U.S.C. 12188 *et seq.*, Plaintiff is entitled to the remedies and

procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

32. Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 et seq.]

33. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

34. Maple Leaf Plaza is a business establishment within the meaning of the Unruh Act.

35. Defendants are the owner and/or operators of a business establishment.

36. Defendants violated the Unruh Act by their acts and omissions:

   a. Failure to construct or alter Maple Leaf Plaza in compliance with state building code and state architectural requirements;

   b. Failure to remove known barriers to access at Maple Leaf Plaza;

   c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Maple Leaf Plaza; and

   d. Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

37. Plaintiff has experienced barriers to access at Maple Leaf Plaza, all of which have caused her difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

38. On information and belief, Maple Leaf Plaza is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

39. These barriers to access make Maple Leaf Plaza and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

40. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

41. As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to Maple Leaf Plaza. Defendants' discriminatory practices and policies that deny full enjoyment of Maple Leaf Plaza to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

42. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

43. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that his barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and

presently continue a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:

### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

### [Cal. Health and Safety Code §§19955 *et seq.*]

44. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

45. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

46. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

47. On information and belief, portions of Maple Leaf Plaza and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Maple Leaf Plaza and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Maple Leaf Plaza to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration,

1  structural repairs or additions per Health & Safety Code §19959.

2  48.     Under the authority delegated by Government Code §4450, et seq, the State Architect
3  promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24
4  of the California Building Standards Code adopted the California State Architect's Regulations,
5  and these regulations must be complied with as to any alterations and/or modifications of Maple
6  Leaf Plaza and/or the building(s) occurring after that date. Construction changes before this date
7  but after July 1, 1970 triggered access requirements under the "ASA" requirements, the
8  American Standards Association Specifications, A117.1-1961.

9  49.     On information and belief, at the time of the construction and modification of said
10 building, all buildings and facilities covered were required to conform to each of the standards
11 and specifications described in the American Standards Association Specifications and/or those
12 contained in the California Building Code.

13 50.     Maple Leaf Plaza is a "public-accommodations or facilities" within the meaning of
14 Health & Safety Code §19955, *et seq.*

15 51.     Because of Defendants' failure to provide proper and legally accessible public facilities,
16 Plaintiff was denied her right to full and equal access to public facilities and suffered a loss of
17 civil rights and rights as a person with physical disabilities to full and equal access to public
18 facilities.

19                      WHEREFORE, Plaintiff requests relief as outlined below.

20

21                                    **FOURTH CLAIM:**

22              **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

23                              **[Cal. Civil Code §§ 54 *et seq.*]**

24 52.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the
25 allegations contained in all paragraphs of this Complaint and incorporates them herein as if
26 separately repled.

27 53.     Maple Leaf Plaza is a place of public accommodation and/or places to which the public is

1. invited and, as such, they must comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

54. The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

55. The CDPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

56. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

57. Defendants have violated the CDPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions on Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including but limited to: failing to remove known architectural barriers at Maple Leaf Plaza to make the facilities "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Maple Leaf Plaza in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications

in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:[1]

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities;

    c. To maintain such accessible facilities once they are provided;

    d. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Maple Leaf Plaza;

    e. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Maple Leaf Plaza.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5.

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

---

[1] Plaintiff does not seek injunctive relief under Cal. Civil Code section 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

13

Date: October 3, 2023                                    ALLACCESS LAW GROUP

                                                              */s/ Irakli Karbelashvili*
                                                         By IRAKLI KARBELASHVILI, Esq.
                                                         Attorney for Plaintiff
                                                         VALENTINA RYSS

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: October 3, 2023                                    ALLACCESS LAW GROUP

                                                              */s/ Irakli Karbelashvili*
                                                         By IRAKLI KARBELASHVILI, Esq.
                                                         Attorney for Plaintiff
                                                         VALENTINA RYSS